IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

REX and BARBARA DONAHUE,

        Plaintiffs,

v.                                          CIVIL ACTION NO.   3:21-0042

FEDERAL DEPOSIT INSURANCE CORPORATION
AS RECIVER FOR THE FIRST STATE BANK,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion for Dismissal of All Claims by the Federal Deposit Insurance Corporation as Receiver (FDIC-Receiver) for The First State Bank. ECF No. 6. Plaintiffs Rex and Barbara Donahue oppose the motion. For the following reasons, the Court **HOLDS** the motion **IN ABEYANCE** and permits Plaintiffs to file an Amended Complaint.

This action is the second of four actions filed by Plaintiffs in this Court to collect damages following the insolvency of The First State Bank.[1] It is undisputed that Plaintiffs and corporate entities operated by Plaintiffs had a long-standing lending relationship with the bank. On April 3, 2020, the FDIC was appointed as receiver for the bank, and it succeeded to the bank's interests and liabilities. *See* 12 U.S.C. § 1821(d)(2)(A), in part ("The [FDIC] shall, as conservator or receiver, and by operation of law, succeed to--(i) all rights, titles, powers, and privileges of the insured depository institution"). Pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA), any claimants of a failed institution are required to file claims

---

[1] *See Donahue v. FDIC*, Nos. 3:20-00875, 3:21-00043, and 3:21-00095.

"before a certain date—the 'bar date.'" *Willner v. Dimon*, 849 F.3d 93, 102 (4th Cir. 2017) (quoting *Elmco Props., Inc. v. Second Nat'l Fed. Sav. Ass'n*, 94 F.3d 914, 919 (4th Cir. 1996); footnote omitted). The bar date for submitting claims against The First State Bank was July 22, 2020. *See* https://www.fdic.gov/resources/resolutions/bank-failures/failed-bank-list/fsb-wv.html.

As relevant to this case, Plaintiffs timely filed a *pro se* claim with the FDIC-Receiver in the amount of $90,000.00 (Claim No. NS1053600227). On November 17, 2020, the FDIC-Receiver disallowed the claim "as not proven to the satisfaction of the Receiver." *Notice of Disallowance of Claim*, Claim No. NS1053600227 (Nov. 17, 2020), Ex. 1 to the *Compl.*, ECF No. 1-1. After the Notice was issued, Plaintiffs retained counsel, who timely filed this action on their behalf for de novo review. *See* 12 U.S.C. § 1821(d)(6) (providing claimants have 60 days to file a lawsuit or the disallowance of the claim becomes final). The FDIC-Receiver now moves to dismiss this action pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

In its motion, the FDIC-Receiver generally argues this action must be dismissed because the *pro se* claim letter Plaintiffs filed with the FDIC-Receiver was vague, factually unsupported, and failed to include the appropriate party with standing. Specifically, the FDIC-Receiver contends that it is Plaintiffs' company Hurricane Plaza, Inc., and not Plaintiffs themselves, that is the true party in interest. Additionally, the FDIC-Receiver asserts Plaintiffs' claim was filed outside the statute of limitations and some of the remedies Plaintiffs seek are unavailable.

In their Response, Plaintiffs claim some of the disallowance notices were misdirected or sent via email to an account that is not normally used. As a result, they did not know

of the FDIC-Receiver's decision until shortly before their sixty-day window for filing a civil action was about to expire.[2] Given the looming deadline, Plaintiffs' counsel was unable to gather the necessary documents and research the claim before filing the Complaint. Instead, counsel hastily drafted the Complaint to meet the statutory deadline. Plaintiffs now seek the opportunity to amend the Complaint in order to set forth their claim more fully.

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits amendment of a complaint after a responsive pleading has been filed "with the opposing party's written consent or the court's leave" and leave should be freely given "when justice so requires." Although the FDIC-Receiver argues any amendment would be futile on standing and statute of limitations grounds, the Court is hesitant under the circumstances to make such a finding without giving Plaintiffs the opportunity to state their claim more fully.

In making this decision, the Court recognizes that it appears Plaintiffs, who are elderly, owned, operated, and solely controlled Hurricane Plaza, Inc. as a closely-held company. It seems that Plaintiffs had both a personal and a business relationship with The First State Bank, and they were accustomed to personally conducting business with the bank on behalf of Hurricane Plaza, Inc. for many years. At this point, it is unclear whether Plaintiffs had a direct personal interest or had personally guaranteed the loan at issue. Additionally, the Court notes that, although their *pro se* administrative claim was not artfully pled, the FDIC-Receiver easily identified Hurricane Plaza, Inc. as the entity involved based upon the information Plaintiffs provided.

---

[2] Although Plaintiffs make this argument in their Response, they also state in their Complaint that they "received a notice of disallowance via email on November 17th, 2020." *Compl.* ¶2. Therefore, it is unclear when Plaintiff actually received and/or realized there was an email disallowing the claim.

Plaintiffs also contend that the statute of limitations did not expire because there was a written contract with a ten-year statute of limitations.

Unfortunately, given the compressed time period to file a civil action following the disallowance and what Plaintiffs represent as untimely notice of the disallowance, Plaintiffs' Complaint was hastily drafted and is difficult to discern. Under these particular circumstances, the Court finds that, in fairness to Plaintiffs, they should be able to amend their Complaint to fully establish the factual basis for their claim. In doing so, the Court advises Plaintiffs they are bound by, and restricted to, the claim made at the administrative level. In their Amended Complaint, they must specifically identify the contracts underlying their claim so the appropriate statute of limitations can be determined. They also should add as parties any corporate entities they believe are necessary parties.

Accordingly, for good cause shown, the Court shall permit Plaintiffs leave to amend the Complaint. The Court **DIRECTS** Plaintiffs to file their Amended Complaint **on or before May 14, 2021.** In the meantime, the Court **HOLDS IN ABEYANCE** the FDIC-Receiver's Motion to Dismiss. If, after the Amended Complaint is filed, the FDIC-Receiver chooses to supplement its motion, it must do so **on or before May 28, 2021**. If a supplement is filed, Plaintiffs must file a supplemental response **on or before June 4, 2021**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

        ENTER:    April 29, 2021

        _____
        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE